USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1506 MILFORD SCHOOL DISTRICT, Plaintiff, Appellee, v. WILLIAM F., ETC., AND CLAIRE F., ET AL., Defendants, Appellants. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. James R. Muirhead, U.S. Magistrate Judge] _____________________ ____________________ Before Torruella, Chief Judge, ___________ Lynch, Circuit Judge, _____________ and Keeton,* District Judge.  ______________ _____________________ Linda A. Theroux for appellants. ________________ Diane M. Gorrow, with whom Soule, Leslie, Kidder, Zelin, ________________ _______________________________ Sayward & Loughman was on brief, for appellee. __________________ ____________________ November 10, 1997 ____________________  ____________________ * Of the District of Massachusetts, sitting by designation. KEETON, District Judge. This case arises under the KEETON, District Judge. _______________ Individuals with Disabilities Education Act (IDEA), 20 U.S.C. 1400-1420, New Hampshire's implementing legislation, N.H. Rev. Stat. Ann. 186-C, federal regulations, 34 C.F.R. pt. 300, and state regulations, N.H. Code Admin. R. Ed. 1101-1137. Appellants seek full reimbursement from appellee for the costs incurred in placing their educationally disabled daughter at a private college preparatory school, the Dublin School, for the 1995-96 school year. Appellants argue that their daughter did not receive either an appropriate educational placement or an appropriate Individualized Education Plan (IEP) as required by the IDEA framework. Throughout this litigation, appellants have sought full reimbursement of the costs they incurred for the 1995-96 school year, arguing that their claim is supported by Burlington v. Department of Educ., 736 F.2d 773, 792 (1st Cir. __________ ___________________ 1984), aff'd, 471 U.S. 359 (1985). Concluding that the district _____ court was correct in rejecting this claim, we affirm the judgment of the district court. The parents' freedom to place their child in a school other than the one offered by the school district was never at issue in this case. What was at issue was the parents' asserted right to treat the alleged failure of the defendant School District to satisfy the placement and IEP requirements within prescribed times as entitling the parents to full reimbursement for their unilateral, out-of-district placement of the child without the approval of any hearing officer or court. -2- Under 20 U.S.C. 1415(e), a section of the IDEA, the district court had jurisdiction based on a federal question under 28 U.S.C. 1331, involving an appeal from an administrative decision of a hearing officer acting for the New Hampshire Department of Education. In this instance, the district court assigned the case to Magistrate Judge James R. Muirhead, and the appeal to this court is under 28 U.S.C. 636(c)(3) and 1st Cir. Loc. R. 3.1. The final order of March 17, 1997 in the district court granted summary judgment to the Milford School District. A timely notice of appeal brought the matter to this Court. I. Standards of Review I. Standards of Review A. By the District Court A. By the District Court We first address appellants' contention that the district court was required to defer both to the hearing officer's findings of fact and to her rulings of law, and that alleged errors require that we reverse and order judgment for appellants for full reimbursement. The IDEA provides that upon appeal from a state administrative officer's decision, the federal district court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate. 20 U.S.C. 1415(e)(2). In exercising its authority under the statute, a district court must address the following questions: -3- First, has the State complied with the procedures set forth in the Act? Second, is the individualized educational program developed through the Act's procedures reasonably calculated to enable the child to receive educational benefits? Board of Educ. v. Rowley, 458 U.S. 176, 206-07 (1982). ______________ ______ On appeal from a district court judgment in a case arising under this statute and these precedents, parents must do more than show that a defendant school district or a state agency did not in every respect comply formally with (as phrased in the first question identified in Rowley) "the procedures set forth in ______ the act," including prescribed requirements for placement and for developing an IEP. The parents must show some default or deficiency material to outcome. See Lenn v. Portland Sch. Comm., ___ ____ ___________________ 998 F.2d 1083, 1088 (1st Cir. 1993). In this instance, the magistrate judge's introductory statement of the standard of district court review is consistent with the statute and Rowley. Order of March 17, 1997 at 8-9. In ______ developing their argument that the magistrate judge's reasoned explanation of his decision failed to consider and "give 'due deference' to the Administrative Hearing Officer's Findings of Fact and Rulings of Law," appellants allude from time to time to testimony of Mrs. F that had not been transcribed. At no point in the record before us, however, or indeed in oral argument, has any suggestion been made of deliberate destruction or withholding of a tape or transcript. In proceedings before the magistrate judge, each party had the opportunity to call attention to any -4- evidence and argument that could raise a genuine dispute of material fact fatal to the other party's motion for summary judgment. In these circumstances, the record does not support an argument that either the district court or this court, in determining whether a genuine dispute of material fact existed, should infer that Mrs. F's relevant observations and opinions, and reasons for them, were not adequately presented in the record that was before the magistrate judge despite the missing transcript. The magistrate judge's reasoned explanation of his decision, in the 25-page ORDER issued, satisfied the terms and conditions of district court review and deference explained in Burlington, 736 F.2d at 792 (A federal trial court is "free to __________ accept or reject the findings [of the hearing officer] in part or in whole" as long as it considers and responds to all material findings). Appellants' assertion that statutes and precedents require deference to an administrative hearing officer's rulings of law is not well founded. Legal rulings are subject to de novo review, both in the district court and in this court. A district court reviewing an administrative officer's rulings of law under the IDEA framework is acting appropriately in disregarding any rulings about applicable law that are not in conformity with applicable statutes and precedents. See Abrahamson v. Hershman, ___ __________ ________ 701 F.2d 223, 231 (1st Cir. 1983). An administrative hearing officer's rulings of law, even if fully reasoned (and the more so when stated without an explained basis, as were some of the -5- rulings that the district court disregarded in this instance) are not entitled to deferential review. No deferential review is appropriate even if the rulings of law concern interpretation of a state statute or state judicial decisions rather than federal law. With respect to a hearing officer's findings of fact, it is true that a reviewing district court is directed to give deference to them. Due deference, however, does not require deference to a finding the cogency of which is impaired by the hearing officer's dependence on an error of law. A district court can disregard an administrative officer's findings of fact whenever the court determines that they are unreliable or incorrect in light of the totality of the record. See ___ Abrahamson, 701 F.2d at 230. In this case, because of the __________ officer's errors in applying both federal and state law as the officer considered the facts (as explained in subsequent parts of this opinion), the magistrate judge's decision, as a matter of law on motion for summary judgment, not to defer to the officer's factual findings was not erroneous as a matter of law and was not an abuse of discretion. B. Appellate Review of the Magistrate Judge's Decision B. Appellate Review of the Magistrate Judge's Decision Appellate review of rulings of law is plenary. Meghan's parents could receive the full reimbursement they seek only if, under applicable law, they had the choice by their unilateral actions, and without the approval of any administrative official or court, to place Meghan at the Dublin -6- School without consent of the Milford School District and at the Milford School District's expense. See Burlington, 736 F.2d at ___ __________ 798. In Roland M. v. Concord Sch. Comm., 910 F.2d 983, 999-1000 _________ ___________________ (1st Cir. 1990), cert. denied, 499 U.S. 12 (1991), we held that ____________ an unjustified unilateral placement in a private school does not give rise to a right to reimbursement unless it is finally adjudged both that the parents' placement was appropriate and that an inappropriate IEP, or none at all, had been developed by the school district. The parents are not completely barred from reimbursement because they acted unilaterally. But they act unilaterally at a financial risk that serves as a deterrent to hasty or ill-considered transfer, and "reimbursement will not be available to the parents if it turns out that the school system had proposed and had the capacity to implement an appropriate IEP." Burlington, 736 F.2d at 798. __________ In this case, the district court determined that the parent's unilateral, out-of-district placement did not satisfy these requirements because (i) Meghan's IEP was appropriate under federal and state law, (ii) the Dublin School, as a matter of law, was not an appropriate placement, and (iii) the school district offered an alternative appropriate placement at Milford High. On appeal, the parents must show that the district court, in determining that Meghan's placement and IEP were appropriate, made mistakes of law or committed an abuse of discretion in reaching the decision to allow summary judgment for the Milford School District. -7- II. The Merits II. The Merits Appellants challenge the IEP, first, on the ground that, in practical effect, it predetermined that placement for the 1995-96 school year would necessarily be at the Carroll School. The hearing officer predicated her conclusion that the IEP was inappropriate solely on the ground that "the [School] District predetermined that Meghan would be placed at the Carroll High School for her Ninth Grade Year (1995/96)." Decision of Jan. 18, 1996, at 19. Appellants also challenge the School District's offered placement of Meghan at either the Carroll School or Milford High as being inappropriate as a matter of law under the IDEA framework.  Finally, appellants challenge the IEP and the proposed placement on the ground that the district court erred in determining that, as a matter of historical fact, Milford High was offered as an alternative for Meghan's placement. A district court's evaluation of an IEP is ordinarily a mixed determination of law and fact. The central question posed for review in this court is whether the district court's determination that the IEP was appropriate was clearly erroneous on the record as a whole. Hampton Sch. Dist. v. Dobrowolski, 976 __________________ ___________ F.2d 48, 52 (1st Cir. 1992)(citing Roland M.). Implicit in the _________ scope of authority of the district court is discretion in assigning weight to various relevant historical facts. -8- We perceive no clear error in the district court's determination that Meghan's IEP did not "predetermine" her placement. The district court could have reasonably inferred and did expressly infer from correspondence, transcripts and other communications in the record that placement was offered at Milford High School. See Order of District Court at 15 (citing ___ the school district's exhibits nos. 10, 23, 27, 49, 76, and especially no. 72, which was the transcript of the IEP meeting). No predetermination at Carroll could have resulted from a process _______ in which placement at Milford High School was offered. ___________________ The district court's determination that the school district offered Milford High as a placement during the July 1995 meetings was one of material historical fact that was not clearly erroneous. As already noted, the district court relied on and made express reference to substantial evidence in the record in making this determination. Also, the district court's evaluative determination that the IEP and offered placements fulfilled Meghan's educational needs resulted from an appropriate consideration of the evidence in the record. See Order of District Court at 22 ___ ("Based on the record, I conclude that Milford High School could have provided Meghan with a 'free appropriate public education,' by conferring her educational benefits in the least restrictive environment."). The additional transcript of the "due process hearing" that appellants now ask us to consider contains a recitation of the same arguments against the IEP's -9- appropriateness that appellants have made elsewhere in the history of proceedings in this case. Appellants do not call attention to any challenge not considered and rejected, by the district court, in a decision within the scope of its discretion. The district court relied on substantial evidence, including expert testimony, that placement at Milford High for Meghan would be appropriate for her educational needs. Although not itemizing and commenting upon all relevant evidence, pro and con, as appellants argue should be done by a reviewing court, the district court's reasoning is sufficiently explained to show that the court recognized its obligation to weigh expert opinions along with other evidence in reaching its evaluative determination as to whether the offered placement was appropriate. The district court's determination that Milford High would be an appropriate placement for Meghan was not clearly erroneous.  We conclude, also, that the district court's decision that Milford High could have provided Meghan the "free appropriate public education" (FAPE) required under the IDEA was not affected by any error of law. The Supreme Court and this Court have consistently construed the FAPE requirement to mean that any given placement must guarantee "a reasonable probability of educational benefits with sufficient supportive services at public expense." G.D. v. Westmoreland Sch. Dist., 930 F.2d 942, ____ _______________________ 948 (1st Cir. 1991)(citing Rowley, 458 U.S. at 187-89). ______ Appellants have asserted that Dublin School, as a matter of law, -10- was the only appropriate placement. In other cases, we have expressly rejected the argument that only one placement could meet the FAPE requirement. "[A] FAPE may not be the only appropriate choice, or the choice of certain selected experts, or the child's parents' first choice, or even the best choice." Id. ___ In this case, we conclude that the record supports the trial court's inference that there was a reasonable probability that Meghan would receive educational benefits and sufficient support at Milford High. Testimony at the IEP and placement meetings shows that several administrators and experts agreed on Milford High's appropriateness and some personally supported the maximization of Meghan's mainstreaming opportunities there.  We further conclude that the district court made no error of law in determining that Milford High met the "least restrictive environment" requirement under state and federal law. Federal and state regulations under the IDEA, see 20 ___ U.S.C. 1412 (5)(B); 20 U.S.C. 1414(a)(1)(C)(iv), prescribe that all authorized decisionmakers (school district officials, administrative officers and trial court judges) charged with evaluating IEPs and placements must subject their determinations to a check for conformity with the LRE requirement. 34 C.F.R. 300.550; N.H. Code Admin. R. Ann. Ed. 1115.02. Under the federal regulations, the LRE means: (1) That to the maximum extent ________________ appropriate, children with disabilities, ___________ including children in public or private institutions or other care facilities, are educated with children who are non- _____________________________________ disabled; and ________ -11- (2) That special classes, separate ________ schooling or other removal . . . occurs ______ only when . . . education in regular ____ classes with the use of supplementary aids and services cannot be achieved ______________________________ satisfactorily. ______________  34 C.F.R. 300.550(b)(1)-(2) (emphasis added). The school district, normally in cooperation with the parents and experts, proposes placement from a continuum of alternative placements. 34 C.F.R. 300.551. The term "mainstreaming" refers to the movement along a continuum from more restrictive or special to less restrictive or regular placements. The district court did not err in concluding that, as a matter of law, the relevant federal and state administrative prescriptions require that placement be made in the local public school whenever the circumstances warrant a discretionary choice among otherwise appropriate in-district and out-of-district placements. 34 C.F.R. 300.552(c); N.H. Code Admin. R. Ann. Ed. 1115.05(b) ("Unless the educationally handicapped student's individualized education program requires some other arrangements, the student shall be educated in the school which he/she would attend if not handicapped."). Under these guidelines, even if it be assumed that the Dublin School was otherwise appropriate, appellants would be entitled to reimbursement only if the Milford School District did not offer an appropriate placement at the local public school, Milford High. The parents contend that Meghan should have been placed at the Dublin School because it was the only appropriate -12- placement, once the requirement of mainstreaming into an LRE is taken into account. This proposition, however, rests on an erroneous interpretation of law regarding mainstreaming. Placements are not "made by mechanically choosing the least restrictive environment." See Abrahamson, 701 F.2d at 230. Nor ___ __________ does the need to preserve the cooperative procedures among the relevant participants support appellants' position. The guidelines for a placement decision in New Hampshire law as in federal law provide for involving many interested persons and a wide variety of factors in the choice among alternative potential placements, and the law does not specify that any one factor or any one person's opinion must be given decisive weight. See N.H. ___ Code Admin. R. Ann. Ed. 1115.02-1115.05. The LRE requirement does not support a course of action in which parents who believe that their chid should attend a particular private school are entitled to be reimbursed by the school district just because that private school is less restrictive. Even if the private school was less restrictive, it would still have to be a placement deemed appropriate by an authorized decisionmaker in terms of educational benefit. See ___ Roland M., 910 F.2d at 993 ("To determine a particular child's _________ place on this continuum, the desirability of mainstreaming must be weighed in concert with the Act's mandate for educational improvement. [Placement] requires a balancing of the marginal benefits to be gained or lost on both sides of the maximum benefit/least restrictive fulcrum."). In this case, when the -13- required balancing is taken into account, the evidence of record supports the district court's decision that the Milford High placement strikes a permissible balance. The judgment of the district court is AFFIRMED, with costs to appellee. -14-